United States District Court
Northern District of Indiana
Hammond Division                                    Case No. 2:13-cv-00099-rlm-jem

**Malibu Media, llc**

Plaintiff

*–v–*

**John Doe subscriber assigned ip address 71.194.56.83**

Defendant

# Motion to Strike

## Issue

Rule 12(f) gives courts the power to strike scandalous material from pleadings. Malibu Media attached an exhibit to its complaint containing the names of several explicitly titled "adult" movies. It doesn't claim that John Doe violated its purported copyright to these movies, but only attached the exhibit for "evidentiary" purposes despite having been previously warned that this was "nonsensical" and potentially a Rule 11 violation. Should the material be stricken from Malibu's complaint?

## Argument

This is one of many copyright-infringement actions Malibu Media has filed in district courts across the country.[1] Its complaints are seemingly "identical in their claims and formatting." [2]

In paragraph 23 of its form complaint, Malibu Media says that it has an investigator that has performed "enhanced surveillance" of files that the defendants are

---

[1] See, e.g., Malibu Media, llc v. John Does 1–29, United States District Court for the Southern District of Indiana, Indianapolis Division, 1:12-cv-845-twp-mjd, *Minute entry for September 7, 2012 Pretrial Conference*, (de 17).

[2] *Malibu Media llc v. John Doe*, Case: 3:13-cv-00205-slc, United States District Court for the Western District of Wisconsin, Order of May 28, 2013, (de7).

allegedly distributing. Those files are referred to in an exhibit consistently labeled "Exhibit c" to its complaints. Paragraph 23 and the Exhibit c that Malibu Media has filed in this case are consistent with the pattern it has used in other filings.[3]

But Malibu Media concedes that it is not suing the defendants—including John Doe in this case—for violating its purported copyrights to the material identified in Exhibit c. Instead, it says that the exhibit is attached for "evidentiary purposes only."

As the United States District Court for the Western District of Wisconsin noted in a recent order,[4] these allegations are "nonsensical." Complaints are pleadings and have *no* evidentiary purpose. Attaching a document for "evidentiary purposes" to a pleading that has no evidentiary purpose is improper.[5] Moreover, as the Wisconsin district court noted, the sole purpose behind attaching Exhibit c appears to be to pressure defendants to settle claims before the defendant gets publicly linked to "adult" movies.

Malibu has known from the time the Wisconsin district court issued its order that its strategy was improper, but it continued to pursue that strategy in this case in complete disregard for the Wisconsin court's order.

## Argument

John Doe respectfully requests that the court strike paragraph 23 and Exhibit c from the plaintiff's complaint under Fed.R.Civ.P. 12(f), and that it grant Doe all other just and proper relief in the premises.

---

[3] Id.

[4] Id.

[5] Id.

Case No. 2:13-cv-00099-rlm-jem

Date: August 16, 2013          /s/ J. Thomas Vetne
                               J. Thomas Vetne | 19606-64

                               **Jones Obenchain, llp**
                               600 KeyBank Building
                               202 S. Michigan St.
                               Post Office Box 4577
                               South Bend, IN 46634-4577

                               574.233.1194 | 574.233.8957 fax

                               jtv@jonesobenchain.com

                               Defendant's Attorney

### Certificate of Service

On August 16, 2013, I electronically filed this motion with the clerk using the cm/ecf system which sent notification Paul J. Nicoletti, plaintiff's attorney.

                               /s/ J. Thomas Vetne
                               J. Thomas Vetne | 19606-64