UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 2:13-CV-99-RLM-JEM |
| ) | |
| JOHN DOE, *subscriber assigned IP* ) | |
| *address 71.194.56.83*, ) | |
|     Defendant. ) | |

## ORDER

This matter is before the Court *sua sponte*. On September 3, 2013, Plaintiff filed under seal Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike [DE 19]. It also separately filed a redacted version of this memorandum not under seal at docket entry 20. Plaintiff filed no corresponding motion seeking leave to file its memorandum under seal.

Northern District of Indiana Local Rule 5-3 provides, "The clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir.2002); *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir.1994); *In re Cont'l Ill. Secs. Litig.*, 732 F.2d 1302 (7th Cir.1984)). "What happens in the federal courts is presumptively open to public scrutiny." *Id.* A party seeking to overcome this presumption must justify its claim of secrecy, citing the applicable legal criteria. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

On May 9, 2013, this Court granted Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to Rule 26(f) Conference, allowing Plaintiff to serve Defendant's Internet Service Provider with a subpoena in order to ascertain the identity of the Doe Defendant, then known only by an IP address. Due to the sensitive nature of this case, the Court also *sua sponte* issued a Protective Order allowing Defendant to proceed anonymously, requiring any response to the subpoena containing Defendant's identifying information be filed under seal, and ordering Plaintiff not to use Defendant's real name in any publicly filed communication without leave of Court.

Nothing in Plaintiff's memorandum identifies Defendant or contains information which would otherwise require that it be filed under seal pursuant to the existing Protective Order. Plaintiff has not filed a motion citing any statute or court rule that would permit its memorandum to be filed under seal or otherwise providing justification for this Court to order that the memorandum be maintained under seal. Therefore, the Court will order Plaintiff's memorandum unsealed unless Plaintiff files a motion providing justification for maintaining it under seal by September 12, 2013.

Accordingly, the Court **GRANTS** Plaintiff leave to file a motion for leave to file the memorandum under seal on or before **September 12, 2013**, and **ORDERS** Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike [DE 19] be maintained under seal pending the ruling on that motion.

SO ORDERED this 6th day of September, 2013.

      s/ John E. Martin  
      MAGISTRATE JUDGE JOHN E. MARTIN  
      UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record