UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 2:13-cv-00099-RLM-JEM |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE subscriber assigned IP address 71.194.56.83, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE UNDER SEAL**

Plaintiff, Malibu Media, LLC ("Plaintiff"), moves for entry of an order to file its Response in Opposition to Defendant's Motion to Strike ("Response") under seal and states:

1. On August 17, 2013, Defendant filed a motion to strike paragraph 23 and Exhibit C of Plaintiff's Complaint.

2. Plaintiff filed its response in opposition to Defendant's motion on September 3, 2013, erroneously filing a version of its response under seal without a contemporaneous motion to seal.

3. Pursuant to the Court's Order at CM/ECF 21 and N.D. Ind. L.R. 5-3(a), Plaintiff files this motion to seal its un-redacted response at CM/ECF 19 and sincerely apologizes to the Court for its previous error.

4. Plaintiff's response to the Court's Show Cause Order contains information pertaining to Plaintiff's confidential attorney work product, settlement communications, and settlement agreements. Specifically, Plaintiff has given actual examples of its use of Exhibit C,

1

attested to by its counsel. *See* CM/ECF 19 at *8-9. Additionally, Plaintiff has explained its mental impressions and strategy. *See* CM/ECF 19 at *11.

5. While Plaintiff welcomes the opportunity to explain to the Court its purpose for attaching Exhibit C to its Complaint, several examples of its recent use discuss mental impressions and strategy Plaintiff's counsel is currently using or will use to litigate its case. "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238, 95 S. Ct. 2160, 2170, 45 L. Ed. 2d 141 (1975). "The work product privilege developed to protect the work of an attorney from encroachment by opposing counsel." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 86 (N.D. Ill. 1992).

6. Other examples cited by Plaintiff involve settlement negotiations or cases that have recently settled where counsel has agreed to confidentiality agreements. "Because confidentiality of settlement agreements is a primary inducement to parties to settle cases, courts require a strong countervailing interest to breach that confidentiality." *Centillion Data Sys., Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 553 (S.D. Ind. 1999)

7. Plaintiff's examples are specific and each defendant will easily recognize his or her case.

8. Good cause exists to grant this motion.

WHEREFORE, Plaintiff respectfully requests that the Court permit Plaintiff to file portions of its response under seal. .

Dated: September 12, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*